UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Dianne Cicchetti,<br><br>                Plaintiff,<br><br>v.<br><br>Fidelity Brokerage Services LLC,<br><br>                Defendant. | Civil No. 3:25-cv-12 (SVN)<br><br><br><br>January 20, 2026 |

**RULING AND ORDER ON MOTION TO COMPEL [ECF No. 38]**

      The defendant, Fidelity Brokerage Services LLC ("Fidelity"), moved the Court for an order compelling the plaintiff, Dianne Cicchetti, to comply with interrogatories and requests for production. (Mot. to Compel, ECF No. 38.) For the following reasons, the motion will be granted in part and denied in part as set forth more fully below.

1. **Background**

      This is an employment case. (*See generally* Am. Compl., ECF No. 23.) Fidelity hired Cicchetti to work as a financial consultant in its Greenwich office on June 1, 2020. (*Id.* ¶ 21; *see also* Ans. & Aff. Defs., ECF No. 27, ¶ 21.) It then terminated her employment on February 6, 2024. (Am. Compl., ECF No. 23, ¶ 83; Ans. & Aff. Defs., ECF No. 27, ¶ 83.) The company says that it fired Cicchetti for "unsatisfactory performance" (Ans. & Aff. Defs., ECF No. 27, ¶ 83), but Cicchetti claims that her termination was a product of unlawful sex discrimination. (Am. Compl., ECF No. 23, Count One.) She sued Fidelity under both Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act (*id.* Counts One & Two), and she claimed emotional distress damages and attorneys' fees, among other losses. (*Id.* Claim for Relief.)

1

Fidelity answered the complaint and asserted several affirmative defenses, including failure to mitigate damages. (Ans. & Aff. Defs., ECF No. 27, Third Def.)

Fidelity served nineteen interrogatories and fifty requests for production on Cicchetti on July 21, 2025. (ECF Nos. 39-1, 39-2.) Through counsel, Cicchetti served her responses on October 15, 2025. (ECF Nos. 39-3, 39-4.) Fidelity regarded the responses as insufficient, and its counsel initiated meet-and-confer efforts pursuant to D. Conn. L. Civ. R. 37 on October 23, 2025. (Decl. of L. Alexander, ECF No. 39-6, ¶ 4.) Cicchetti then served supplemental answers to interrogatories on November 14, 2025 (ECF No. 39-5), but the supplement failed fully to resolve the parties' disputes. Fidelity therefore filed this motion seeking an order directing Cicchetti to comply with nine of the nineteen interrogatories and thirty-nine of the fifty requests for production. (Mot. to Compel, ECF No. 38; *see also* Memo. of L. in Supp. of Mot. to Compel, ECF No. 39 (hereinafter "Memo.").) The presiding District Judge, the Honorable Sarala V. Nagala, referred the motion to the undersigned Magistrate Judge on December 2, 2025. (Order of Referral, ECF No. 40.)

The Court convened a status conference on December 10, 2025 to see if it could reduce the number of disputes and resolve some of them without full briefing. (Conference Memo. & Order, ECF No. 43.) It resolved some issues during the conference; for example, Cicchetti had asserted privilege and work product claims without serving a privilege log, and the Court ordered her to serve one. (*Id.*) It also directed the parties to continue meeting and conferring in a further effort to reduce the number of disputed discovery requests (*id.*), and to complete briefing only on those that they could not settle between themselves.

Cicchetti then filed an opposition memorandum on December 17, 2025 ("Opp'n," ECF No. 44), and Fidelity filed a reply on January 13, 2026. ("Reply," ECF No. 47.) Those filings revealed

that the parties were able to reduce the number of disputed requests for production from thirty-nine to six.  (*Compare* Memo. *with* Reply.)  The parties were evidently unable to resolve any single interrogatory in its entirety, but even here, the scope of those disputes has been reduced somewhat.  (*Compare* Memo. *with* Reply.)  Neither side having requested oral argument, and both sides nevertheless having been given an opportunity to be heard at the December 10th conference, the motion is ripe for decision.  The Court now resolves the remaining disputes as follows.

2. **Applicable Legal Principles**

The legal principles governing these disputes are well established.  Subject to the proportionality requirement and other limitations set forth in Rule 26, a party may discover relevant, nonprivileged information in the other party's possession.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ P. 26(b)(1).  Moreover, information "within [the] scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Information is "relevant" if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also Gaynor v. City of Meriden*, No. 3:17-cv-01103 (CSH), 2019 WL 2537669, at *2 (D. Conn. June 20, 2019) ("While the Federal Rules of Civil Procedure do not define 'relevant,' the operative definition can be found in Rule 401 of the Federal Rules of Evidence[.]"); *In re PE Corp. Secs. Litig.*, 221 F.R.D. 20, 23 (D. Conn. 2003) (employing Rule 401's definition of relevance in addressing discovery dispute under Rule 26).  "[T]he determination of whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 advisory committee's notes to 2000 amendments.  In part because the concept of relevance is not limited

3

by considerations of evidentiary admissibility at the discovery stage, *see* Fed. R. Civ. P. 26(b)(1), "[i]t is well established that relevance for purpose of discovery is broader in scope than relevance for the purpose of the trial itself." *Vaigasi v. Solow Mgmt. Corp.*, No. 1:11-cv-05088 (RMB) (HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quotation marks omitted); *accord Martino v. Nationstar Mortg., LLC*, No. 3:17-cv-01326 (KAD), 2019 WL 2238030, at *1 (D. Conn. May 23, 2019) (observing that, at the discovery stage, relevance is "an extremely broad concept") (quotation marks omitted).

Yet this does not mean that a party must automatically produce any piece of information that catches its adversary's fancy. It is well established that, during discovery, "the parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Williams v. City of Hartford*, No. 3:15-cv-0933 (AWT) (SALM), 2016 WL 3102001, at *2 (D. Conn. June 2, 2016) (quoting *Wells Fargo Bank, N.A. v. Konover*, No. 3:05-cv-1924 (CFD (WIG), 2009 WL 585430, at *5 (D. Conn. Mar. 4, 2009)). Stated differently, "[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Id.* (quoting *Wells Fargo Bank*, 2009 WL 585430, at *5).

When a discovery-seeking party moves to compel responses to its requests, it bears the burden to demonstrate that the requests are within the scope of Rule 26(b)(1). As this Court has previously observed, "[t]he burden of demonstrating relevance initially rests with the party seeking discovery." *Doe v. Wesleyan Univ.*, No. 3:19-cv-01519 (JBA) (TOF), 2021 WL 4704852, at *3 (D. Conn. Oct. 8, 2021) (citing *Bagley v. Yale Univ.*, 315 F.R.D. 131, 144 (D. Conn. 2016), *as amended* (June 15, 2016)). "'Once the requesting party has made a *prima facie* showing of relevance,' however, 'it is up to the responding party to justify curtailing discovery.'" *Id.* (quoting

*N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 48 (E.D.N.Y. 2018)). "Put differently, once the moving party shows that the requested information 'bears on, or reasonably could lead to other matter that could bear on, any issue' in the case, 'the party resisting discovery bears the burden of showing why discovery should be denied.'" *Id.* (quoting *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009)) (brackets and ellipsis omitted).

    3. **The Disputed Discovery Requests**

    *A.    Interrogatories 3 and 18.* Fidelity's motion will be granted with respect to Interrogatories 3 and 18. Those interrogatories sought, respectively, the identities of persons with whom Cicchetti communicated about the factual occurrences alleged in her complaint, and of any mental health professionals with whom she treated since August 1, 2020 through the time of trial. (ECF No. 39-1, at 5-6, 12.) Cicchetti did not challenge the relevance of these interrogatories in her Rule 33 responses; instead, she said in substance that Interrogatory 3 was unduly burdensome and Interrogatory 18 called for information protected by physician-patient privilege. (*See* ECF No. 39-5, at 2, 7-8.) But she did not brief those objections (*see* Opp'n at 2-3), and the Court therefore deems them abandoned. *Huseby, LLC v. Bailey*, No. 3:20-cv-167 (JBA) (TOF), 2021 WL 723319, at *4 n.1 (D. Conn. Feb. 24, 2021) (citing the leading case of *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 620 (D. Kan. 2005) for the proposition that "objections asserted in a party's initial response to a discovery request – but not reasserted in response to a motion to compel – are deemed abandoned"). Cicchetti now says that there is no information responsive to Interrogatory 18 because she did not treat with any mental health professionals (Opp'n at 2-3), but that is merely an unsworn statement in her counsel's brief. Fidelity is entitled to have that answer from the plaintiff herself, and moreover to have it signed by her in accordance

with Rule 33(b)(5). The motion will therefore be granted as to Interrogatories 3 and 18, and Cicchetti's counsel is respectfully reminded that the answer must fairly respond to the precise question propounded. Responses that recast the question into a narrower scope, and which then purport to answer a narrower question than the one that was asked, may lead to Rule 37(b) sanctions.

        **B.**     *Interrogatory 17 and Request for Production 3.* Fidelity's motion will be granted in part and denied in part as to Interrogatory 17 and denied as to Request for Production 3. Fidelity seeks to discover Cicchetti's entire medical record, from three and a half years before the employment termination at issue until the time of trial. Interrogatory 17 accordingly sought (i) the identities of all physicians, health care workers, etc., with whom Cicchetti treated since August 1, 2020, along with a statement of her reasons for obtaining services from each, and (ii) a medical authorization to obtain each provider's full record for that period. (ECF No. 39-5, at 6.) Request for Production 3 likewise sought production of full medical authorizations. (ECF No. 39-4, at 2.) Fidelity argues that it is entitled to Cicchetti's complete medical record because she has brought an emotional distress claim, and it should therefore be able to "explore other stressors or preexisting issues in Plaintiff's life." So far as its motion discloses, it has not developed any information about any such stressors or issues from other discovery, and accordingly the basis for its inquiry may be fairly described as speculative.

      There is some authority for the proposition that employment plaintiffs who have brought emotional distress claims should nevertheless disclose the names of all their medical providers. As Fidelity points out, Judge Engelmayer ordered such a disclosure in *Steinberg v. Constellation Agency, LLC*, No. 24-Civ.-8113 (PAE), 2025 WL 1802981, at *3-4 (S.D.N.Y. July 1, 2025). But courts have declined to order production of plaintiffs' entire medical record under similar

6

circumstances, because a perceived need "to explore any alternate source of Plaintiff's alleged emotional distress" does not give a defendant "an unfettered right to pursue discovery into the plaintiffs' entire medical history." *Hannah v. Wal-Mart Stores, Inc.*, No. 3:12-cv-1361 (JCH) (HBF), 2014 WL 2515221, at *6 (D. Conn. June 4, 2014); *see also Manessis v. New York City Dep't of Transp.*, No. 02-Civ.-359 (AS) (DF), 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002); *cf. also Wesleyan Univ.*, 2021 WL 4704852, at *9 ("To justify the order that the plaintiff seeks, her theory should be supported by more than pure speculation[,]" because "the party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition."). The Court concludes that the best way to harmonize the relevant authorities, and to apply them to this case, is to grant Fidelity's motion in part and deny it in part as to Interrogatory 17 – that is, grant it to the extent that the interrogatory asked her to identify her health care providers and state the reasons for seeing them, but deny it to the extent that it sought an authorization for the complete medical record – and to deny the motion as to Request for Production 3. The denial will be without prejudice to renewal if other discovery reveals reasons to believe, beyond speculation, that portions of Cicchetti's medical records will reveal relevant information that is not disproportionate to the needs of the case.

      **C.**    *Interrogatories 5 and 13.* Fidelity's motion will be denied as to Interrogatories 5 and 13, which inquired about Cicchetti's attorney fees. Fidelity is correct that certain attorney fee information is not privileged in an employment case in which such fees are at issue (Memo. at 15-16) (citing *Lefcourt v. United States*, 125 F.3d 79, 86 (2d Cir. 1997)), and Cicchetti is wrong when she says the topic is too "private" to permit discovery. (Opp'n at 7.) But courts in this district have routinely held that discovery of attorney fee agreements and legal bills is premature until there has been a finding of liability. *E.g., Abdel-Samed v. ING Life Ins. & Annuity Co.*, No. 3:12-

cv-925 (RNC), 2013 WL 1962673, at *1 (D. Conn. May 10, 2013) (denying defendant's motion to compel production of the plaintiff's fee agreement as premature in the pre-trial phase); *Passenti v. Veyo*, *LLC*, No. 21-cv-01350 (SRU) (MEG), 2022 WL 17261411, at *3 (D. Conn. Nov. 29, 2022) (denying defendant's motion to compel as premature given the "information sought ha[d] no bearing on liability").

  **D.** ***Interrogatory 6.*** Fidelity's motion will be granted as to Interrogatory 6. That interrogatory sought information about Cicchetti's employers after she was terminated by Fidelity, including an authorization to obtain her entire file from any such employer. (ECF No. 39-3, at 11-12.) Cicchetti objected on grounds of lack of relevance (*id.*), but Fidelity points out that the subsequent employer's file "may well show the same patterns of unsatisfactory work" that it says it terminated her for. (Reply at 8.) This renders the interrogatory relevant in the Rule 401 sense, particularly given the broad construction accorded to the concept of relevance at the discovery stage of a case. Cicchetti also objected on the ground that the interrogatory "violates [her] privacy and relationship with her new employer" (ECF No. 39-3, at 12), but she concedes that she left that job while the motion was being briefed (Opp'n at 5) ("[A]s of the end of November 2025, she is no longer employed."), and she does not explain why any "privacy" and "relationship" concerns survived the end of her employment. She also does not explain why any remaining "privacy" and "relationship" issues are not adequately addressed by the Standing Protective Order that Judge Nagala issued at the beginning of the case. *See Hughes v. Hartford Life & Acc. Ins. Co.*, 507 F. Supp. 3d 384, 403 (D. Conn. 2020) (overruling objection to production of allegedly "confidential" business documents because "that would merely be an argument for designating them 'CONFIDENTIAL' under the Standing Protective Order, not for insulating them from discovery entirely").

**E.     *Interrogatory 7.*** Fidelity's motion will be granted as to Interrogatory 7. That interrogatory sought information about Cicchetti's non-wage income and fringe benefits since February 6, 2023, and Cicchetti did not object to it in her Rule 33 response. (ECF No. 39-3.) In her brief in opposition to Fidelity's motion, she raises several arguments against the discoverability of post-termination, non-wage income in employment cases. (Opp'n at 4-5.) But even if those arguments were meritorious, Cicchetti waived them by failing to assert them in her Rule 33 response, and by failing to show good cause why her omission should be excused. Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Freeman v. Giuliani*, No. 24-cv-6563 (LJL), 2024 WL 5135913, at *2 (S.D.N.Y. Dec. 17, 2024) (overruling objections not served within Rule 33's thirty-day response period because "[t]he law imposes consequences on parties who disregard their obligations[,]" including "waiver of objections to interrogatories[,]" and because the party had "not shown good cause for his failure to timely respond").

**F.     *Interrogatory 8.*** Fidelity's motion will be granted as to Interrogatory 8. That interrogatory sought information about Cicchetti's applications for subsequent employment, and as with Interrogatory 7, she did not object in her initial Rule 33 responses. (ECF No. 39-3, at 13.) She did purport to object to Interrogatory 8 in her *supplemental* responses (ECF No. 39-5, at 3-4), but those objections were not timely, *see* Fed. R. Civ. P. 33(b)(2) (requiring responses within thirty days), and she did not brief them when Fidelity moved to compel compliance, let alone show good cause for their tardiness. (Opp'n at 7) (failing to argue in support of objections, but instead saying that she "has provided substantial" responsive information, and promising to produce more in a

9

supplemental production). Cicchetti's objections to Interrogatory 8 have been waived. Fed. R. Civ. P. 33(b)(4); *Huseby, LLC*, 2021 WL 723319, at *4 n.1.

   **G.** ***Interrogatory 12 and Request for Production 6***. Fidelity's motion will be granted as to Interrogatory 12 and denied as to Request for Production 6. Interrogatory 12 asked Cicchetti to identify all persons she or her agents interviewed or took statements from in connection with the allegations of her complaint. (ECF No. 39-5, at 5.) Request for Production 6 called for the production of any such statements. (ECF No. 39-4, at 4.) Cicchetti objected to both on work product grounds (ECF No. 39-3, at 15; ECF No. 39-4, at 4; ECF No. 39-5, at 5), and she belatedly attempted vagueness and overbreadth objections to Interrogatory 12 in her supplemental responses. (ECF No. 39-5, at 5.) She nevertheless says that she has no responsive information to produce. (Opp'n at 44.)

   The Court will overrule Cicchetti's objections to Interrogatory 12 and order her to comply with it. The interrogatory seeks only the names of persons who gave statements and the dates on which they gave them. (ECF No. 39-5, at 5.) Cicchetti provides no reason to suppose that this limited information is protected work product in this case, or to suppose that it is any more than she would have to disclose in a privilege even if it were protected. *See* D. Conn. L. Civ. R. 26(e), Indeed, Rule 26(a)(1)(A) affirmatively requires disclosure of the names of individuals having "discoverable information . . . that the disclosing party may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A). Cicchetti's brief asserts that she has no responsive information because "there was no one interviewed" (Opp'n at 8), but again, this is just an unsworn statement of counsel. Fidelity is entitled to an answer that is properly signed by Cicchetti herself pursuant to Fed. R. Civ. P. 33(b)(5).

With respect to Request for Production 6, Fidelity does not dispute Cicchetti's claim to have no responsive documents. (Reply at 9.) This counsels against granting its motion. *Cf. Lewis v. Doe*, No. 3:19-cv-2015 (JCH) (TOF), 2021 WL 863473, at *4 (D. Conn. Mar. 8, 2021) ("Courts often deny [motions to compel] when the responding party certifies that it has conducted a diligent search and has produced all extant documents responsive to the other party's requests."). Fidelity nonetheless asks the Court to "clarify that Plaintiff must produce any written or recorded statements which she or her counsel obtains in the future, rather than rely on a prior objection." (Reply at 10.) The Court declines this invitation, because any statement that Cicchetti might take in the future is likely protected work product. *See* Fed. R. Civ. P. 26(b)(3)(A); *Fed. Trade Comm'n v. Chase Nissan, LLC*, No. 3:24-cv-12 (JCH) (TOF), 2024 WL 3566205, at *6 (D. Conn. July 29, 2024) (denying discovery of notes from interviews conducted by plaintiff's counsel in anticipation of litigation).

**H.    *Request for Production 1 and 2*.** Fidelity's motion will be granted in part as to Request for Production 1 and 2. Cicchetti asserted work product objections to these two requests (ECF No. 39-4, at 1-2), but she neither briefed those objections nor supplied the Court with a privilege log. In her opposition memorandum she asserted for the first time that the requests are unduly burdensome to comply with – not to gather and produce the responsive documents, but rather to index them as required by Rule 34(b)(2)(E)(i). (Opp'n at 7-8) ("It is burdensome to identify every document in the production upon which plaintiff relied[.]"). To sustain an undue burden objection, however, "a party must ordinarily demonstrate that burden with an affidavit or other proof." *Wesleyan Univ.*, 2021 WL 4704852, at *4. Applying that principle here would mean that, if Cicchetti wished to persuade the Court that it would be unduly burdensome to go through her production and identify which documents were responsive to Requests for Production 1 and 2,

11

she was required to provide an affidavit or declaration setting forth the number of documents involved and other relevant details on the level of effort required to index them. She has not done so, and Fidelity's motion will therefore be granted.

Cicchetti may, however, withhold any responsive document as to which she has a meritorious attorney-client privilege or work product objection, provided that she logs the document on a privilege log if required to do so by D. Conn. L. Civ. R. 26(e). The Court declines to hold that any such objection has already been waived. *Imperati v. Semple*, No. 18-cv-1847 (RNC) (TOF), 2020 WL 4013304, at *5 (D. Conn. July 16, 2020) ("Because these privileges are important, courts are not quick to find that they have been waived."); *Caudle v. Dist. of Col.*, 263 F.R.D. 29, 36 (D.D.C. 2009) (observing that "a waiver of privilege objections is a more serious sanction than a waiver of other objections") (internal quotation marks omitted).

**I.      *Request for Production 8 and 13*.** These two requests for production sought, respectively, "notes, diaries, logs, calendars, [and] journals that [Cicchetti] kept since February 6, 2023 through the time of trial," and "documents supporting, concerning and/or relating to any claim for damages[.]" (ECF No. 39-4, at 4, 6.) Cicchetti says, in substance, that she has produced responsive documents (Opp'n at 8), but she did assert work product and "HIPAA . . . therapist-patient and health care provider-patient" objections in her Rule 34 responses. (ECF No. 39-4, at 4, 6.) Justifiably confused as to whether Cicchetti is withholding anything, Fidelity "asks the Court to compel [her] to state whether documents are being withheld on the basis of Plaintiff's objections and, of so, identify what those documents are." (Reply at 10.) This is no more than Fidelity is already entitled to under the rules. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."); Fed. R. Civ. P. 26(b)(5) (stating that, "[w]hen a party withholds information otherwise discoverable by claiming

that the information is privileged or subject to protection as trial protection material, the party must . . . expressly make the claim; and . . . describe the nature of the documents"); D. Conn. L. Civ. R. 26(e) (setting forth requirements for a privilege log). Accordingly, the Court will grant this request.

### 4. Conclusion and Order

The Court has carefully considered all arguments raised by the parties in their briefs and during the December 10th conference, even if not expressly addressed in this ruling. For the foregoing reasons, the motion of the defendant, Fidelity Brokerage Services LLC, for an order compelling the plaintiff, Dianne Cicchetti, to comply with certain interrogatories and requests for production (ECF No. 38) is granted in part and denied in part. The motion is granted to the extent that:

A. Cicchetti's objections to Interrogatories 3 and 18 are overruled, and she is ordered to comply with those interrogatories in full;

B. Cichetti's objections to that portion of Interrogatory 17 that asked her to "[i]dentify by name, address, and telephone number each and every physician, physician's assistant, other health care worker, hospital, or healthcare facility from which you have obtained services, and for each state the reason you obtained such services and list the date(s) when you obtained such services from August 1, 2020 through the time of trial" are overruled, and she is ordered to comply with that portion of the interrogatory;

C. Cicchetti's objections to Interrogatory 6 are overruled, and she is ordered to comply with that interrogatory in full;

D. Cicchetti's objections to Interrogatory 7 are overruled, and she is ordered to comply with that interrogatory in full;

  E. Cicchetti's objections to Interrogatory 8 are overruled, and she is ordered to comply with that interrogatory in full;

  F. Cicchetti's objections to Interrogatory 12 are overruled, and she is ordered to comply with that interrogatory in full;

  G. Cicchetti's objections to Request for Production 1 and 2 are overruled, except as to attorney-client privilege and/or work product; Cicchetti is ordered to comply with the requests and, as to any document withheld under a claim of attorney-client privilege or work product, to log that document on a privilege log if required to do so by D. Conn. L. Civ. R. 26(e); and

  H. Cicchetti is ordered to revise her responses to Request for Production 8 and 13 to state whether any documents are being withheld pursuant to each of her objections, and is further ordered to log any responsive document withheld under a claim of attorney-client privilege or work product if required to do so by D. Conn. L. Civ. R. 26(e).

Compliance with the foregoing orders is due by February 3, 2026. D. Conn. L. Civ. R. 37(d) ("Unless a different time is set by the Court, compliance with discovery ordered by the Court shall be made within fourteen (14) days of the filing of the Court's order.").

  Except to the extent expressly granted in Paragraphs 4.A through 4.H above, the motion is denied. With respect to the portion of Interrogatory 17 as to which the motion has been denied, and with respect to Request for Production 3, the denial is without prejudice to renewal if Fidelity develops, from other discovery, non-speculative reasons to suppose that the requests will yield relevant evidence that is not disproportionate to the needs of the case.

  This is not a recommended ruling. It is a ruling by a magistrate judge on a "nondispositive motion[ ] . . . relating to discovery," D. Conn. L. R. 72.1(C)(2), and as such it is reviewable

pursuant to the "clearly erroneous" statutory standard of review.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b).  It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).

                                      */s/ Thomas O. Farrish*
                                      Hon. Thomas O. Farrish
                                    United States Magistrate Judge